Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6135 | **DATE** | 11/21/2000 |
| **CASE TITLE** | Royal MacCabees Life Ins Co vs. Leon S. Malachinski, D.O. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation regarding Plaintiff's Motion to Strike Defendant/Counter-Plaintiff's Motion for Summary Judgment is hereby submitted to Judge Guzman. This Court recommends that the Motion to Strike be granted in part and denied in part. All matters relating to the referral of this matter having been resolved, this case is returned to the assigned judge. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | NOV 2 2 2000 date docketed | |
| | Notified counsel by telephone. | | 166 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | 11/21/2000 date mailed notice | |
| | VKD courtroom deputy's initials | FILED FOR DOCKETING  00 NOV 21 PM 4:37  Date/time received in central Clerk's Office | VKD mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROYAL MACCABEES LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff/Counter-Defendant | ) No. 96 C 6135<br>)<br>) Judge Ronald K. Guzman |
| v. | )<br>) |
| LEON S. MALACHINSKI, D.O., a Texas Corporation, | ) Magistrate Judge<br>) Arlander Keys<br>) |
| Defendant/Counter-Plaintiff. | ) |

TO: THE HONORABLE RONALD K. GUZMAN
UNITED STATES DISTRICT COURT JUDGE

### REPORT AND RECOMMENDATION

Currently before the Court is Plaintiff's Motion to Strike Defendant/Counter-Plaintiff's Motion for Summary Judgment ("Motion to Strike"). For the reasons set forth below, this Court recommends that the Motion to Strike be granted in part and denied in part.

### Background

The motion currently before the Court stems from Defendant's abuse of the discovery process and repeated failures to respond to Court orders.[1] Plaintiff argues that the Court should strike, or

---

[1] Defendant has been abusing the discovery process since August 1999. The details of Defendant, and defense counsel's, flagrant disregard for the authority of the Court and judicial process is explained in detail in the Court's September 22, 2000

alternatively "hold", Defendant's Motion for Summary Judgment, filed on July 13, 2000, because Defendant is currently in violation of a November 18, 1999 Court order directing and commanding Defendant to pay sanctions in the amount of $1840.08 no later than November 30, 1999. As of the filing of the present Motion to Strike (on September 11, 2000), Defendant had still not complied with the Court's November 18, 1999 order.[2]

---

Report and Recommendation ("R & R") to Judge Guzman, which is presently under his consideration. Therefore, the Court does not find it necessary to repeat all of Defendant and defense counsel's conduct relating to the prosecution of the case in this R & R. Rather, this R & R will merely address the issue of the outstanding sanctions that have not been paid by Defendant.

[2] According to Defendant, on September 28, 2000 - almost a year after the Court's order to pay sanctions and six days after issuance of this Court's September 22, 2000 R & R - defense counsel attempted to pay by money order the $1840.08 sanction to Plaintiff's counsel's paralegal, but the paralegal, apparently, refused to sign a receipt acknowledging payment. Consequently, Defendant did not pay the sanction, maintaining that there would be no proof of actual tender. Instead, that same day, Defendant filed a Motion to Rescind the Order to Pay Sanctions, arguing that the Court should vacate its order of sanctions. Predictably, however, defense counsel never "noticed up" the motion. Therefore, Defendant is still in noncompliance with the Court's previous order to pay sanctions. If the Defendant genuinely wishes to tender payment, and finally comply with the Court's order, defense counsel needs to follow the appropriate procedures and notice up the motion.

### Relevant Procedural History[3]

On November 18, 1999, the Court ordered Defendant to pay sanctions, by November 30, 1999, in the amount of $1840.08 to cover Plaintiff's attorney fees and costs relating to a deposition that Defendant and defense counsel had wilfully obstructed.[4] On January 10, 2000, Plaintiff filed a Motion to Compel and for Sanctions, arguing, *inter alia*, that the Defendant had not yet paid the sanctions award ordered by the Court in November 1999. When Defendant had still not paid these sanctions by March 20, 2000, Plaintiff filed a Motion for Additional Sanctions. Defendant filed his Response to Plaintiff's Motion for Additional Sanctions ("Response") on April 5, 2000,[5] stating that he would hold the

---

[3] A more detailed procedural history is in the Court's September 22, 2000 R & R to Judge Guzman, addressing Defendant's wilful noncompliance with court orders.

[4] The sanction amount of $1840.08 was initially only $500. However, after Defendant refused to pay that amount, the Court increased the sanction to $1840.08, with a stipulation that if the Defendant did not pay this increased sanction by November 30, 1999, additional, daily sanctions would accrue. It is now November 2000 – a year later – and the sanctions have not been paid. The Court deferred to Judge Guzman, in its September 22nd R & R, to set the amount of additional sanctions for Defendant's wilful noncompliance with the Court's November 18, 1999 order.

[5] It was Plaintiff's March 20, 2000 Motion for Additional Sanctions, and Defendant's April 5, 2000 Response, that was the basis for the Court's September 22nd R & R to Judge Guzman.

3

money in escrow, under protest, pending the outcome of his forthcoming objections to the Court's November 18, 1999 order, but would not tender, at that time, the sanction award to Plaintiffs.[6]

Despite his noncompliance with outstanding orders of this Court, Defendant submitted his Motion for Summary Judgment to the District Court on July 13, 2000. On September 11, 2000, Plaintiff filed its Motion to Strike (the present motion before the Court), asserting that the Court should not grant affirmative assistance to a party that is in violation of a court order. On September 18, 2000, Defendant filed his Response to Plaintiff's Motion to Strike, arguing that the District Court had not yet resolved the sanction issue that was raised in Defendant's April 5, 2000 motion, where defense counsel said that the sanction award was being held in escrow, pending the Court's decision.[7] Apparently, according to Defendant, he does not have to pay the sanction award, stemming from November 1999, until the District Court rules on this Court's

---

[6] Specifically, in his Response, Defendant asked the Court to review the entire sanction issue and either reverse the order of sanctions, or allow them to be paid at the close of the case.

[7] In this Court's September 22nd R & R to Judge Guzman, it recommended that Judge Guzman impose additional sanctions for Defendant's failure to tender the sanction award stemming from November 1999.

4

September 22, 2000 R & R to Judge Guzman.

## Analysis

It is undisputed that, on November 18, 1999, the Court ordered Defendant to pay $1840.08 as a sanction for his, and his counsel's, behavior during a deposition. It is also undisputed that, as of the time that the current motion was filed, the sanction award had still not been paid. Defendant argues that, in his April 5, 2000 Response to Plaintiff's Motion for Additional Sanctions, he stated that the $1840.08 would be put in escrow, pending the Court's resolution of the sanction issue. Defendant, continually, misses the point - the issue was, indeed, already resolved on November 18, 1999, when the Defendant refused to comply with previous court orders. Defendant's stubborn refusal to accept that he is presently (and has been for the last year) in violation of a court order - one stemming from November 1999 (which itself was ordered because Defendant had violated previous court orders) - is another example of Defendant's lack of respect for the judicial process.

Now, unbelievably, Defendant wants the District Court to spend its time and resources to rule on its Motion for Summary Judgment and grant it affirmative relief. Defendant attempts to tiptoe around the outstanding sanction award, and the unambiguous fact that he has violated orders of this Court, by arguing that the

5

District Court has not yet ruled on Defendant's April 2000 Response to Plaintiff's Motion for Additional Sanctions, where, according to Defendant, he explained that he was not wilfully refusing to pay, but rather simply could not afford to pay. (The genuineness of this assertion is discussed in the Court's September 22, 2000 R & R to Judge Guzman, and does not need to be readdressed here.) Furthermore, Defendant argues that he attempted to pay the sanction on September 28, 2000, but that Plaintiff's counsel's paralegal would not give him a receipt. Yet, Defendant did not properly "notice up" the motion to resolve this year-late noncompliance with the Court's November 18, 1999 order.

Federal Rule of Civil Procedure 37(b), "Failure to Comply with Order", states, in relevant part, that if a party fails to obey a court order, the Court can stay further proceedings until the order is obeyed. Fed. R. Civ. P. 37(b)(2)(C). Furthermore, the Seventh Circuit has held that the "choice of an appropriate discovery sanction is primarily the responsibility of the district court . . ." *Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 283 (7th Cir. 1988). The Supreme Court has admonished that any sanction imposed by a federal court for abuse of process be tailored to the abuse. *Support Systems International, Inc. v.*

*Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Indeed, in several cases where courts have found monetary sanctions particularly ineffective, the courts have fashioned alternative sanctions, such as the staying of proceedings, or the refusal to accept papers that the noncompliant litigant attempts to file. *See, e.g., Sato v. Plunkett*, 154 F.R.D. 189, 192 (N.D. Ill. 1994)("I shall put this litigation on hold while [noncomplying party] satisfies one of his legal obligations" which was the payment of imposed sanctions); *Support Systems International, supra*, 45 F.3d at 186 (finding that, where noncompliant litigant "has yet to pay a cent of sanctions imposed on him," the appropriate sanction was to direct clerks of all federal courts in the circuit to return unfiled any papers that he attempted to file).

Applying the aforementioned principles, the Court believes that, based on Defendant and defense counsel's pattern of disrespectful behavior and failure to abide by court orders, it could, indeed, recommend that Defendant's Motion for Summary Judgment be stricken. *See, e.g., Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1178 (7th Cir. 1987) (holding that, while failure to obey a single order is generally insufficient to sanction dismissal, where multiple violations of orders occur,

7

dismissal is proper). Nonetheless, the Court recommends a less severe result. The Court believes that Defendant's Motion for Summary Judgment should be stayed, until Defendant has complied with the November 18, 1999 court order (and additional sanctions recommended by this Court in its September 22nd R & R). In sum, the Defendant is currently, and has been for almost a year, in violation of orders of this Court. Therefore, the Court recommends that the District Court issue a stay on all Defendant's requests for affirmative relief, particularly his Motion for Summary Judgment, until the Defendant has fully complied with all orders of the Court.

## Conclusion

For the reasons stated above, the Court recommends that Plaintiff's Motion to Strike be granted in part and denied in part.

Dated: November 21 , 2000        Respectfully Submitted:

                                 _____
                                 ARLANDER KEYS
                                 United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Ronald K. Guzman. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).