# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6135 | **DATE** | 3/29/2001 |
| **CASE TITLE** | ROYAL MACCABEES LIFE INS. CO. vs. LEON S. MALACHINSKI, D.O. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for summary judgment [121-1] is granted and defendant's cross-motion for summary judgment [129-1] is denied. The Court reserves its ruling on damages until the matter is briefed and affidavits are submitted as to the amount in controversy. Royal Maccabees' memorandum/affidavits in support of damages are due fourteen days after the date of this opinion. Malachinski's response memorandum/affidvits are due fourteen days after plaintiff's memorandum in support is due. Plaintiff's reply is due seven days after defendant's response.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 30 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 170 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | COPY FOR DOCKETING | MAR 30 2001 date mailed notice | |
| TBK | courtroom deputy's initials | OH 29 PM 3: 37 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROYAL MACCABEES LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff/Counter-defendant, | ) ) | No. 96 C 6135 |
| v. | ) ) ) | Judge Ronald A. Guzman |
| LEON S. MALACHINSKI, D.O., | ) ) | |
| Defendant/Counter-plaintiff. | ) ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Royal Maccabees Life Insurance Company's ("Royal Maccabees") motion summary judgment and defendant Leon Malachinski's cross-motion. For the reasons set forth below, the Court grants Royal Maccabees' motion and denies Malachinski's cross-motion.

### Facts



DOCKETED
MAR 3 0 2001

Royal Maccabees is a life insurance company. Malachinski applied for and was issued a disability insurance policy by Royal Maccabees.

On January 10, 1991, Malachinski met with Irwin Cohen in response to a direct mail solicitation he received from Cohen which invited him to set up a consultation with him to discuss his insurance needs. Cohen specialized in the sale of disability insurance for medical and dental professionals. He was licensed to sell insurance for several different companies and served as an intermediary between the insurance company and the potential insurer. At this

meeting, Malachinski and Cohen discussed Malachinski's insurance needs and Cohen recommended that Malachinski submit an application for disability insurance with Royal Maccabees. Malachinski adopted the recommendation, and Cohen filled out the application after conversing with Malachinski.

On the application for disability insurance, question 19(a) specifically asks the applicant for information regarding "insurance in force, applied for or applying to reinstate." In response, the application only listed Malachinski's insurance policy with Provident Life Insurance Company for $4,200 per month. No other company was listed in response to this question. After the application was completed by Cohen, Malachinski reviewed and signed it.

Based on the representations supplied in the application, Royal Maccabees issued to Malachinski a policy of disability insurance with a monthly disability benefit of $1,800. This disability policy contained a provision that allowed Malachinski the option to increase his monthly disability benefits by $1,000 after having the policy for a specified period of time. On or about March 12, 1992, Malachinski exercised that option and increased his monthly benefit amount. On that date, Malachinski submitted a renewal application for disability insurance. Again, the application requested information in section 19(a) with respect to "insurance in force, applied for or applying to reinstate." The response written on the application again listed Malachinski's insurance policy with Provident and with Royal Maccabees. No other insurance company was listed.

On March 1, 1995, Malachinski filed a claim of disability. Royal Maccabees approved the claim and remitted to Malachinski the amount of $12,712 for his disability benefits for the period of March 10, 1995 through July 10, 1995. Subsequent to Malachinski's first claim for

disability benefits, he filed additional claims for disability benefits and in response thereto, Royal Maccabees remitted to Malachinski additional disability payments on the policy up to an including the period from July 10, 1995 through June 10, 1996 in the total amount of $38,136.

At some point after distributing these monies, Royal Maccabees discovered that at the time Malachinski submitted his January 10, 1991 and March 12, 1992 application to Royal Maccabees, he also had in force group disability insurance coverage with Union Mutual Life Insurance Company ("Union Mutual") in the amount of $6,250 per month. However, in reviewing both applications, Royal Maccabees found no written reference to the Union Mutual policy in question 19(a) or anywhere else. Further investigation by Royal Maccabees also revealed that Malachinski's policy with Union Mutual was in effect during the period of March 10, 1995 through June 10, 1996 when the defendant was accruing benefits from Royal Maccabees.

Shortly after this discovery, Royal Maccabees terminated their policy with Malachinski and filed this suit. In their two-count complaint, plaintiff alleges that Malachinski made material misrepresentions on his January 10, 1991 application and that because Royal Maccabees relied on those misrepresentations, they should be allowed to now rescind the contract and recoup the disability payments it provided to him.

### Discussion

Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits and other materials show "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue

exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party bears the burden of establishing the absence of any disputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When a properly supported motion for summary judgment has been made, the opposing party must then set forth specific facts showing that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather he must support his contentions with proper documentary evidence. *Celotex*, 477 U.S. at 324. Moreover, the opposing party is entitled to the benefit of all favorable inferences that can reasonably be drawn from the underlying facts but not every conceivable inference. *De Valk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987). It is in light of this standard that the Court examines the parties' arguments.

## I. Cohen's Relationship to Malachinski

Malachinski opines that Royal Maccabees "waived" its right to rescind the insurance contract because he told his insurance man, Irwin Cohen, about his other disability coverage with Union Mutual group[1] and thus Cohen's knowledge is attributable to Royal Maccabees. However, this Court finds, as a matter of law, that Cohen was acting as a broker and the insured's agent, not as Royal Maccabees' agent, and thus any knowledge Cohen may have had is not imputed to Royal Maccabees.

"Although the question whether an insurance broker is the agent of the insured or the

---

[1] At his deposition on November 5, 1998, Cohen denied that Malachinski told him this.

4

insurer is generally one of fact, when the evidence clearly shows that the broker is the agent of the insured, it becomes a matter of law." *Lazarra v. Howard A. Esser, Inc.*, 802 F.2d 260, 264 (7th Cir. 1986). Illinois courts have defined an insurance broker as:

> [O]ne who procures insurance and acts as middleman between the insured and the insurer, and solicits insurance business from the public under no employment from any special company, but, having secured an order, places the insurance with the company selected by the insured, or, in the absence of any selection by him, with the company selected by such broker.

*Galiher v. Spates*, 262 N.E.2d 626, 628 (4th Dist. 1970); *see, e.g., City of Chicago v. Barnett*, 88 N.E.2d 477, 481 (Ill. 1949). An insurance agent, on the other hand, has an exclusive, fixed, and permanent relationship to an insurance company that the agent represents and has certain duties and allegiances to that company. *See Roby v. Decatur Steel Erectors, Inc.,* 375 N.E.2d 1355, 1359 (4th Dist. 1978); *Galiher*, 262 N.E.2d at 628.

Under Illinois law, the knowledge of an insurance "broker" generally cannot be imputed to the insurance company. *Economy Fire & Cas. Co. v. Bassett*, 525 N.E.2d 539, 542 (5th Dist. 1988). Whether a person is an agent or a broker is determined by his or her acts in a particular transaction. *See Barnett*, 88 N.E.2d at 481; *Galiher*, 262 N.E.2d at 628. Illinois courts have applied a four-part test to determine whether an intermediary is an agent or broker: (1) who called the intermediary into action; (2) who controls its actions; (3) who pays the intermediary[2] and (4) whose interests the intermediary represented. *See Roby*, 375 N.E.2d at 1359.

---

[2] The issue of who pays the commission is not given weight. Illinois law permits insurers to pay brokers. *See Browder v. Hanley Dawson Cadillac Co.*, 379 N.E.2d 1206, 1212 (1st Dist. 1978) (holding that insurance broker is fiduciary of insured even though broker deducts commission from premiums). As such, most courts do not consider this fact when determining whether a person is a broker or an agent. The Court thus gives this factor very little weight.

Based on these criteria, the undisputed facts clearly show that Cohen was an insurance broker whose knowledge, if any, as to Malachinski's existing disability coverage with another insurance company is *not* attributable to Royal Maccabees. In his deposition, Cohen testified that he was an independent insurance broker with no exclusive relationship with any insurance company, including Royal Maccabees. Additionally, it was Malachinski who initiated his contact with Cohen after requesting a meeting with him in response to Cohen's general solicitation mail advertisement. Further, Malachinski controlled Cohen's actions at all times regarding his request for disability coverage through Maccabees. Indeed, Cohen testified that he represented Malachinski and worked in his interest to obtain the most suitable and affordable life insurance policy to fit his client's needs. Cohen testified that he recommended Royal Maccabees insurance but it was Malachinski who ultimately adopted his recommendation and ordered him to place the request with the plaintiff on his behalf. Further, it should be noted that Cohen had no obligation to recommend any particular insurer, as he did regular business with several dozen companies, including Royal Maccabees, and had no fixed or permanent relationship with any company. Lastly, in his role as an intermediary between the defendant and Royal Maccabees, Cohen represented Malachinski's interests. As previously stated, the evidence indicates that Cohen did not work exclusively for Royal Maccabees or any other insurance company. Rather, he was an independent businessman who was free to contract with any insurance company with whom he was licensed to do business. As such, his duty was to Malachinski who hired him to obtain the appropriate disability insurance that would meet his particular needs. Thus, the Court holds as a matter of law that Cohen clearly acted as an insurance broker between Malachinski and Royal Maccabees.

Furthermore, plaintiff has failed to present, and the Court does not find, any evidence that Cohen's conduct with Malachinski during the application process demonstrated his implied authority to bind the insurance company. "Implied authority" is defined as "actual authority circumstantially proved" and is regarded as authority implied by the facts and circumstances. *Indemnity Ins. Co. v. Midwest Transfer Co.*, 184 F.2d 633, 636 (7th Cir. 1950).

In this case, the undisputed facts and circumstances surrounding the application process establish that Cohen did not have implied authority to act as Royal Maccabees' agent. As stated above, in Cohen's sworn deposition, he testified he was an independent insurance broker with no exclusive relationship with any insurance company. His testimony is supported by his office letterhead on which he conducted official business and which states "Irwin Cohen & Associates, Disability Insurance for Medical and Dental Professionals." (Pl.'s Ex. G.) That letterhead neither expresses a clear relationship between Cohen and any specific insurance company nor indicates his preference for any particular one. Additionally, the direct mail solicitation sent by Cohen to Malachinski does not solicit for or refer to any specific policy, but rather provides a contact number for setting up a consultation to learn about various disability policies. Furthermore, Cohen testified and his notes confirm that during his initial conversation with Malachinski on January 10, 1997, he recorded some personal information about Malachinski and discussed several disability plans, including the Royal Maccabees policy. Based on all the evidence, the Court finds that Malachinski fails to raise a genuine issue as to a material fact regarding Cohen's implied authority as Royal Maccabees's agent. As such, his knowledge, if any, of Malachinski's existing coverage with Union Mutual Company is not imputed to Royal Maccabees.

7

## II. Rescission of Contract Based on Misrepresentation

Royal Maccabees has also moved for summary judgment arguing that it is entitled to rescind the insurance contract. Specifically, Royal Maccabees argues that Mr. Malachinski materially misrepresented his disability insurance in force at the time he submitted his application to Royal Maccabees. Moreover, Royal Maccabees contends it would not have issued the insurance had it known the defendant had coverage with another policy. Because the Court concludes that there is no genuine issue as to a material fact regarding rescission, the Court grants plaintiff's motion.

Rescinding an insurance contract is a complete defense to an action on the policy. *Bageanis v. American Bankers Life Assurance Co. of Fla.*, 783 F. Supp. 1141, 1144 (N.D. Ill. 1992). The Illinois Insurance Code limits the insurer's ability to avoid or defeat an insurance policy because of an insured's misrepresentation. *Commercial Life Ins. Co. v. Lone Star Life Ins. Co.*, 727 F. Supp. 467, 470 (N.D. Ill. 1989). Section 154 of the Illinois Insurance Code states in part:

> "No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company."

215 ILL. COMP. STAT. 5/154 (West 2000).

Because Malachinski's intent is shrouded in issues of fact, the Court will only consider whether the omission regarding the defendant's disability coverage with Union Mutual Company was a material misrepresentation. "Materiality" is determined by asking whether a reasonably careful and intelligent person would have regarded the omitted facts as substantially increasing

the chances of the events insured against so as to cause a rejection of the application or different

conditions, such as higher premiums. *Weinstein v. Metropolitan Life Ins. Co.*, 60 N.E.2d 207,

210 (Ill. 1945); *Garde*, 498 N.E.2d at 308. The failure to disclose material information or

provide complete information in response to a question can constitute a material

misrepresentation. *Cohen v. Washington Nat'l Ins. Co.*, 529 N.E.2d 1065, 1067 (1st Dist. 1988);

*Garde*, 498 N.E.2d at 308. That is because an applicant has a duty to act in good faith toward an

insurer by making a full and complete disclosure of all relevant information when completing an

insurance application so that the insurer may properly appraise the risk. *Kioutas v. Life Ins. Co.*,

35 F. Supp. 2d 616, 623 (N.D. Ill. 1998); *Garde,* 498 N.E.2d at 307. An insurer is entitled to

rely upon the truthfulness of an applicant's answers and has no duty to conduct an independent

investigation into their accuracy. *Id.*; *Garde v. Inter-Ocean Ins. Co.*, 842 F.2d 175, 178 (7th Cir.

1988). As such, a material misrepresentation will defeat coverage of the policy even if the

applicant acts in good faith or makes a mistake. *Weinstein*, 60 N.E.2d at 210.

It is uncontroverted that Malachinski failed to disclose that he had disability coverage in

force with Union Mutual Company at the time he submitted his request with Royal Maccabees.

Question 19(a) of the January 10, 1991 application asked in plain and simple terms whether the

applicant had "insurance in force, applied for or applying to reinstate." The answer provided

stated that the applicant had insurance coverage with Provident insurance company for a

specified amount. There is no mention of his coverage with Union Mutual Company anywhere

in this answer section or anywhere else in the application. Malachinski alleges that he orally

conveyed this information to Cohen who then failed to note such information on the actual

application which he signed. However, whether Malachinski did or did not disclose this fact to

Cohen is irrelevant as to the issue of whether Royal Maccabees is entitled to rescission because, as discussed above, Cohen's knowledge may not be imputed to Royal Maccabees.[3]

Furthermore, Malachinski's misrepresentation was material as a matter of law. Ordinarily, the materiality of a misrepresentation is a question of fact. *Mooney v. Underwriters at Lloyd's, London*, 213 N.E.2d 283, 285 (Ill. 1965). However, where the misrepresentation is of such a nature that all would agree that it is or is not material, the question is appropriate for summary judgment. *Hatch v. Woodmen Accident & Life Co.*, 409 N.E.2d 540, 544 (2d Dist. 1980).

There is no question that Royal Maccabees would have reached an alternative assessment of the risk of underwriting the Malachinski policy had it known of his disability insurance policies with another company. It is well-established that an insurer has the right to inquire whether its applicants have insurance with another company. *Garde*, 498 N.E.2d at 308. The significance of a misstatement about other insurance may be influenced by the amount of undisclosed insurance, particularly when a policy limits the extent of recovery when there are other insurance policies already in existence. *Id.* Therefore, courts consider such information as vital to the preliminary investigation of the proposed insured and may be considered as material as a matter of law. *Id.*

Malachinski maintains that there is insufficient evidence to establish that non-disclosure of the Union Mutual policy was a material misrepresentation. The defendant claims that Royal Maccabees does not point to a specific company rule which directs it not to insure under these

---

[3]Whether Malachinski may have a cause of action against Cohen is not an issue before the Court because Cohen is not a party with regard to the instant litigation.

circumstances. The Court disagrees.

It is well-established that materiality may be established by the testimony of the insurer's underwriter. *Alperin v. National Home Life Assurance Co.*, 336 N.E.2d, 365, 367 (1st Dist. 1975). Moreover, courts have recognized that a specific company rule need not be cited to establish materiality but that general policy is sufficient. *See Rivota v. Fidelity & Guaranty Life Ins. Co.*, 497 F.2d 1225, 1230 (7th Cir. 1974) (an insurer "may withhold coverage under [a] conditional receipt only if [plaintiff], as of the relevant date, was not insurable and acceptable under the rules and practices of the Company as a standard risk for the policy.") The *Rivota* court interpreted the phrase "rules and practices of the company," to "include a practice of case-by-case determination in situations involving unusual risk factors." *Id.* The insurer, however, need not "point to an applicable written rule contained in an underwriting manual." *Id.*

It is undisputed that John McLeod, an underwriter for Royal Maccabees,[4] stated in his affidavit that had plaintiff been informed of defendant's disability insurance policy with another company at the time of his application, Royal Maccabees would not have issued the policy, in accordance with its underwriting standards. Further, it is undisputed that McLeod's affidavit states that had Royal Maccabees known the existence of his other disability policy, Malachinski would not have been eligible for the company's disability insurance policy because his income was over-insured. Although the company cites no specific rule that states an applicant is disqualified from receiving disability insurance coverage if his income is over-insured, the

---

[4]Malachinski argues that the affidavit of the insurance underwriter was self-serving and conclusory. Again, the Court disagrees and finds McLeod's factual assertions in his affidavit are supported by the record and set forth facts that would be admissible into evidence pursuant to Rule 56(e). His affidavit establishes that he is competent to testify regarding the facts and that his assertions are based on personal knowledge.

undisputed facts provided in McLeod's affidavit and statements by John Niemeyer, a disability claim analyst with Royal Maccabees, establishes that this was the company's longtime policy.

As such, there is no question that Royal Maccabees would have reached an alternative assessment of the risk of underwriting the Malachinski policy had it known of policies in force with Union Mutual Company. The existence of his other policies combined with his total income would have made him ineligible for disability coverage with Royal Maccabees. Knowledge of those policies would undoubtedly have resulted in a rejection of his application. As such, the Court finds that reasonable minds could not differ about the materiality of the misrepresentation in this case.

Additionally, Royal Maccabees contends that because Malachinski misrepresented the existence of other insurance on his application, Royal Maccabees may now void the insurance policy it issued to him. Illinois courts have found that the effect of a misrepresentation about the existence of other insurance is a material misrepresentation which will void an insurance policy. *See Garde v. Inter-Ocean Ins. Co.*, 842 F.2d 175, 177 (7th Cir. 1988).

In *Garde v. Inter-Ocean Ins. Co.*, an applicant submitted an application for and was issued a conditional receipt for a life insurance policy with an insurance company. *Id.* at 176. Several weeks after obtaining a receipt for the policy, the applicant drowned and his named beneficiaries began the process of collecting on his policy. *Id.* However, one month after his death, the insurance company discovered that the applicant had obtained for or applied for some twenty other life insurance policies totaling in excess of $1.5 million from at least seventeen other companies. *Id.* Following receipt of this information, the insurance company denied coverage and argued the omission was a material misrepresentation that affected the acceptance

12

of the risk by the insurer or the hazards assumed by it under the policy. *Id.*

The Seventh Circuit agreed and allowed the insurer to rescind the contract. *Id.* at 178. In reaching its decision, the court reasoned that an insurer has a right to inquire whether its applicants have insurance with another company because such information may be vital to the preliminary investigation of the proposed insured. *Id.* at 177. By withholding this coverage information, the court held the defendant prevented the insurance company from assessing the risk on the basis of the facts as they existed. *Id.* As such, the court found the misrepresentation to be material and allowed the insurer to rescind the contract. *Id.* at 178.

Similar to facts in *Garde*, in the instant case, Malachinski failed to disclose that he had a disability insurance policy with Union Mutual which provided him with a monthly benefit of $6,250 per month. As discussed above, it is clear that the existence of other insurance, if known, would have affected Royal Maccabees assessment of the risk involved in underwriting Malachinski's disability insurance policy. It was, therefore, a material misrepresentation. Moreover, the undisputed evidence indicates that had plaintiff known of defendant's other insurance, it is unlikely that Malachinski would have been eligible for disability payments totaling more than $50,000, which he ultimately received prior to Royal Maccabees' discovery that he failed to disclose his policy with Union Mutual at the time he applied for coverage with Royal Maccabees. Therefore, the Court finds the undisputed facts show that the policy is void based on Malachinski's material misrepresentation on his Royal Maccabees application.

Royal Maccabees apparently seeks damages for the total disability benefits it paid out to Malachinski and the interest incurred on those monies. However, Royal Maccabees did not address the issue of damages in its legal memoranda and Malachinski therefore had no

13

opportunity to respond to that issue. The Court, therefore, reserves its ruling on damages until the matter is briefed and affidavits are submitted as to the amount in controversy. Royal Maccabees' memorandum and affidavits in support of damages are due fourteen days after the date of this opinion. Malachinski's response memorandum and affidavits are due fourteen days after plaintiff's memorandum/affidavits in support are due. Plaintiff's reply is due seven days after defendant's response.

## CONCLUSION

For the above reasons, the Court grants plaintiff's motion for summary judgment [docket no. 121-1] and denies defendant's cross-motion for summary judgment [docket no. 129-1]. The Court reserves its ruling on damages until the matter is briefed and affidavits are submitted as to the amount in controversy. Royal Maccabees' memorandum/affidavits in support of damages are due fourteen days after the date of this opinion. Malachinski's response memorandum/affidavits are due fourteen days after plaintiff's memorandum in support is due. Plaintiff's reply is due seven days after defendant's response.

**SO ORDERED**                                    ENTERED: 3/29/07

                                                 _Ronald A. Guzman_
                                                 **HON. RONALD A. GUZMAN**
                                                 **United States Judge**