Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6135 | **DATE** | 8/22/2001 |
| **CASE TITLE** | ROYAL MACCABEES LIFE INSURANCE CO vs. LEON MALACHINSKI, D.O. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court awards Royal Maccabees damages in the amount of $43,558.06, and denies Royal Maccabees request for prejudgment interest under the Illinois Interest Act. Because there are no remaining issues to be addressed by this Court, the Court order Malachinski to pay $43,558.06 in damages to Royal Maccabees and hereby terminates this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 27 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 178 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| CG courtroom deputy's initials | | | AUG 27 2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | |
|---|---|
| ROYAL MACCABEES LIFE INSURANCE COMPANY, ) ) ) Plaintiff/Counter-Defendant, ) ) v. ) ) LEON MALACHINSKI, D.O., ) ) Defendant/Counter-Plaintiff. ) | 96 C 6135<br><br>Judge Ronald A. Guzmán<br><br>AUG 27 2001 |

## MEMORANDUM OPINION AND ORDER

On March 29, 2001, the Court entered a Memorandum Opinion and Order whereby the Court granted plaintiff Royal Maccabees Life Insurance Company's ("Royal Maccabees") motion for summary judgment and denied defendant Leon Malachinski's ("Malachinski") cross-motion and reserved its ruling on damages until briefs and affidavits were submitted as to the amount in controversy. Having now considered the briefs on damages and for the reasons set forth below, Royal Maccabees is granted the award of damages in the amount of $43,558.06, but is not entitled to recover prejudgment interest on the monies paid to Malachinski for the period between when Royal Maccabees refunded the premium payments and when the Court ordered rescinded Malachinski's disability insurance policies (collectively the "Policy").

## FACTS

In 1995, Malachinski presented a claim for total disability benefits from Royal Maccabees. During the time period of March 1995 through June 1996, Malachinski was insured

178

under Royal Maccabees policy numbers 8217-540 and 8230-920. On March 1, 1995, Malachinski filed a total disability claim under the Policy, stating that he was totally disabled beginning December 10, 1994. On or about September 19, 1995, Royal Maccabees paid Malachinski the amount of $12,712.00 as payment of total disability benefits under the terms of the Policy for the period of March 10, 1995 to July 10, 1995. Malachinski thereafter filed additional claims for total disability benefits with Royal Maccabees, and in response, Royal Maccabees paid Malachinski additional total disability payments for the period up to and including July 10, 1996 in the total amount of $38,136.00.

On or about August 9, 1996, Thomas Niemeyer, a duly authorized representative and agent of Royal Maccabees, wrote a letter to Malachinski wherein Royal Maccabees informed Malachinski that: (1) it was rescinding his Policy based upon a misrepresentation made by Malachinski to Royal Maccabees concerning duplicate coverage of his salary; (2) that Royal Maccabees was seeking repayment of the $50,848.00 of total disability benefits that had already been paid to Malachinski; and (3) Royal Maccabees enclosed a refund check in the amount of the premium payments Malachinski paid Royal Maccabees for the amount of $7,289.94.

In September 1996, Royal Maccabees brought a two-count complaint against Malachinski seeking: (1) an order rescinding Malachinski's Policy regarding disability insurance; and (2) requesting the return of monies paid to Malachinski by Royal Maccabees for disability benefits requested and claimed by Malachinski under the Policy, plus interest for and based upon the time period over which the monies have not been repaid since the refund of Malachinski's premium payments in August 1996. In July 2000, Royal Maccabees moved for summary judgment on both counts of its complaint, and on March 29, 2001, the Court entered a Memorandum Opinion

and Order whereby the Court granted Royal Maccabees' motion for summary judgment while reserving its ruling on damages until briefs and affidavits were submitted as to the amount in controversy. The Court concluded that the Policy issued to Malachinski by Royal Maccabees was void, and therefore rescinded. Royal Maccabees now seeks a return of $50,848.00 from Malachinski for the monthly disability payments paid under the Policy ruled to be void and rescinded, less a refund of the premium payments which Malachinski had paid under the Policy. Royal Maccabees also seeks a return including prejudgment interest on the net amount at 5% annum under the Illinois Interest Act, 815 ILL. COMP. STAT. § 205/2, for a sum total of $54,381.42 as of April 1, 2001.

## DISCUSSION

Under Illinois law, "[t]he remedy of rescission generally requires each party to return to the other the value of the benefits received under the rescinded contract." *Newton v. Aitken*, 260 Ill. App. 3d 717, 720, 633 N.E.2d 213, 216 (2nd Dist. 1994). The rescission of a contract operates to cancel the contract at issue and return the parties to their original, pre-contract status. *Majcher v. Laurel Motors, Inc.*, 287 Ill. App. 3d 719, 727, 680 N.E.2d 416, 422 (2d Dist. 1997).

Because the Court held that the Policy was void and rescinded, both parties must be restored to their initial positions.[1] As such, Malachinski is entitled to a refund of the premium payments he made to Royal Maccabees concerning the Policy, a net total of $7,289.94, and Royal

---

[1] Malachinski argues laches, estoppel, and waiver with regard to Royal Maccabees' right to rescission of the Policy. The Court has already issued its Memorandum Opinion and Order with regard to the rescission of the Policy. Therefore, the narrow issue presently before the Court, and the only issue the Court will address, is the appropriate amount of damages.

3

Maccabees is entitled to a return of the total disability benefit payments it made to Malachinski as claimed under the Policy, a net total of $50,848.00. Therefore, Royal Maccabees is entitled to damages in the amount of $43,558.06, which is the total of the disability payments made by Royal Maccabees to Malachinski, less the refund of the premium payments made by Malachinski.

Next, the Court must determine whether Royal Maccabees is entitled to prejudgment interest on the monies paid to Malachinski for the period between when Royal Maccabees refunded the premium payments and when the Court ordered rescinded the Policy. Under Illinois law, prejudgment interest is "not recoverable absent a statute or agreement providing for it." *City of Springfield v. Allphin*, 82 Ill. 2d 571, 576, 413 N.E.2d 394, 396 (Ill. 1980). There is no express agreement between the parties in the case at hand, but Royal Maccabees argues that it is entitled to prejudgment interest under the Illinois Interest Act, which in pertinent part provides:

> Creditors shall be allowed to receive at the rate of five per cent (5%) per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay.

815 ILL. COMP. STAT. § 205/2. "An instrument in writing within the meaning of the statute is one that sets up a creditor-debtor relationship." *Krantz v. Chessick*, 282 Ill. App. 3d 322, 326, 668 N.E.2d 77, 80 (1st Dist. 1996).

Royal Maccabees contends that by sending the August 9, 1996 letter, which informed Malachinski that Royal Maccabees was rescinding the Policy and included a refund of premium payment he had made to Royal Maccabees under the Policy, it created an instrument of writing

4

that established a creditor-debtor relationship for monies due on the settlement of an account. Therefore, Royal Maccabees argues that it is entitled to prejudgment interest on the money it paid to Malachinski for disability benefits paid to him under the Policy, as per the statute, for the time period starting August 9, 1996 when it informed Malachinski of its intention to rescind the Policy and refunded Malachinski his premium payments and ending when the Court rescinded the Policy.

The Court does not agree. The statute does not provide for interest under the circumstances of this case. There is no instrument of writing present in the case at hand as required by the statute, and as such, Royal Maccabees is not entitled to prejudgment interest on the return of the disability payments it made to Malachinski. The instrument of writing referred to in the statute cannot unilaterally be created by one side, and then served on the other as an instrument of writing for the settlement of an account. There must be mutual assent to the agreement or instrument of writing for the settlement of an account, or otherwise there is no evidence of the creation of an indebtedness or of a creditor-debtor relationship. *Glassberg v. Warshawsky*, 266 Ill. App. 3d 585, 594, 638 N.E.2d 749, 756 (1st Dist. 1994); *see Emerich v. Leviton*, 117 Ill. App. 3d 832, 836, 454 N.E.2d 45, 48 (1st Dist. 1983). As such, there was no agreed upon instrument of writing created by the August 9, 1996 letter sent by Royal Maccabees to Malachinski evidencing an indebtedness between Royal Maccabees and Malachinski for the settlement of an account within the scope of the Illinois Interest Act. The intended settlement of the account was not negotiated, voluntarily entered into, or agreed to by Malachinski, and therefore there was no settlement of an account reached. Thus, the letter sent by Royal Maccabees to Malachinski in August 1996 does not establish an instrument of writing evidencing

5

an indebtedness between Royal Maccabees and Malachinski as required under the Illinois Interest Act. Consequently, Royal Maccabees is not entitled to prejudgment interest under the Illinois Interest Act.

## CONCLUSION

For the foregoing reasons, the Court awards Royal Maccabees damages in the amount of $43,558.06, and denies Royal Maccabees request for prejudgment interest under the Illinois Interest Act. Because there are no remaining issues to be addressed by this Court, the Court orders Malachinski to pay $43,558.06 in damages to Royal Maccabees and hereby terminates this case.

**SO ORDERED:** 8/22/07       **ENTERED:**

**HON. RONALD A. GUZMAN**
**United States Judge**